**Petition of SOBERMAN.**
**No. 477.**

District Court, E. D. New York.
March 6, 1941.

Julius Blumenfeld, of New York City, for petitioner.

Harold Kennedy, U. S. Atty., of Brooklyn, N. Y., and Phillip J. Hirsch, Asst. U. S. Atty., of St. George, S. I., N. Y., for respondents.

GALSTON, District Judge.

The petitioner seeks a review of the action of the respondents, constituting Local Board No. 147, created pursuant to the Federal Selective Service Law, in classifying the registrant in Class 1–A and denying his request for deferred classification under 3–A. He sets forth that in his questionnaire he claimed deferment on the ground that he was the principal and main support of his parents and of his sister, a girl of eighteen years of age. The claim having been denied, he appealed to the Appeal Board, which refused to alter his classification. He is about to be inducted into the service of the army.

The petitioner says that since his appeal was heard by the Appeal Board, certain facts developed which would establish his claim for deferment. He says that he is employed at a salary of $28 per week, in addition to commissions, the two aggregating $40 a week; that his father is a tailor by trade but has not been employed regularly. His earnings varied between $500 and $600 a year. Now his father is sick, suffering from coronary thrombosis, which has prevented him from earning his usual income, and the petitioner's earnings have, therefore, been the principal and main support of the household. His father is completely bedridden and has been advised by his physician that his condition will not permit any further work to be done by him. His sister is a student at the Brooklyn College and has no income whatsoever. Moreover, by reason of his family obligations, he has been unable to marry, though he has been engaged so to do for a period of three years.

The petitioner complains that the Local Board unknowingly erred in its decision in placing him in Class 1-A, and as relief he seeks a review of his application for classification in 3-A.

The Selective Training and Service Act of 1940, U.S.C.A., Title 50, Appendix, § 304, provides that the selection of men for training in service shall be made in an impartial manner pursuant to such rules and regulations as the President may prescribe. Sec. 305 of the Act, subdivision (e) (1), authorizes the President, under such rules and regulations as he might prescribe, to provide for the deferment from training and service of those having persons dependent upon them for support. Sec. 310 of the Act relates to administrative provisions and authorizes the President to prescribe the necessary rules and regulations to carry out the provisions of the act. In subdivision (a) (2) the local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards of questions with respect to granting exemption or deferment, and recites: "The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe."

The petitioner here invokes the jurisdiction of this court; but there is no provision in the act itself which gives the court jurisdiction to review the findings of the local board. The Judicial Code, Title 28 U.S.C.A. § 41, sets forth matters over which the District Court shall have original jurisdiction. Among the twenty-eight subdivisions of that section there is none which can be interpreted as covering a situation such as is presented here. True, subdivision 14 gives the court jurisdiction to redress deprivation of civil rights, but such a suit is quite a different matter from one which seeks to review the act of an administrative board based merely on allegations of conclusions to be inferred from the facts before the board.

Though under this act there is no reported decision, the question presented is not new, for similar questions arose under the Selective Draft Act of 1917, U.S.C.A., Title 50, Appendix, § 201 et seq. During the enforcement of that act petitions were not infrequently filed with the courts for review of alleged erroneous classifications by local boards. In U. S. ex rel. Roman v. Rauch et al., D.C., 253 F. 814, 816, Judge Hough said:

"In my judgment it is not a suitable method of proceeding against a local board created by the Selective Service Law (Act May 18, 1917, c. 15, 40 Stat. 76 [50 U.S. C.A. Appendix, § 201 et seq.]), and it is not for a reason which, with very abundant citations of authority, is set forth in the text-books as follows:

" 'In order to use the writ of certiorari, the question sought to be raised by the writ must relate to a judicial function. What is a judicial function,' says the writer, 'does not depend solely upon the mental operation by which it is performed or the importance of the act; regard must be had to the organic law and to the division of the powers of government. It is not enough to make a function judicial that it requires discussion, deliberation, thought, and judgment; it must be the exercise of discretion and judgment within that subdivision of the sovereign power which belongs to the judiciary or at least which does not belong to the legislative or executive departments.' "

It is true that in that case he considered the question of whether a federal court could issue a writ of certiorari to review classification by a local board, whereas in

the pending matter no writ was applied for. Nevertheless, in substance the proceeding is the same, for the petitioner here seeks a review, just as Roman sought a review.

The act of the respondents in classifying the petitioner involved no judicial function. It was purely an administrative act. Now it well may be that if as a result of undue process the petitioner were in the custody of the armed forces of the United States, a writ of certiorari might issue in support and aid of a writ of habeas corpus. Thus there would possibly be presented a review of the proceedings which led to the induction. Such circumstances do not exist here, and until they do, this court is without power to grant the relief sought. See Angelus v. Sullivan, 2 Cir., 246 F. 54; Arbitman v. Woodside et al., 4 Cir., 258 F. 441; Ex Parte Tinkoff, D.C., 254 F. 222; In Re Kitzerow, D.C., 252 F. 865.

The petition is denied for lack of jurisdiction. Settle order.