**ALLISON v. LOCAL BOARD NO. 61 OF OAKLAND, CAL., et al.**

No. 22091–W.

District Court, N. D. California, S. D.

March 9, 1942.

Geo. W. Phillips, Jr., of Hayward, Cal., and J. W. O'Neill, of Oakland, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

A writ of certiorari was issued directed to Local Board No. 61 of Oakland and the Appeal Board of Oakland, seeking to review proceedings taken under the Selective Training and Service Act of 1940, 50 U.S. C.A. Appendix § 301 et seq. Petitioner alleges that despite the uncontroverted evidence presented by him to respondent Boards that he is a minister of the gospel, and therefore entitled to be classified in Class IV–D under the Selective Training and Service Act and the rules and regulations made pursuant thereto, he was arbitrarily classified as a conscientious objector in Class IV–E.

Application for the writ was made upon the authority of Boitano v. District Board, D.C., 250 F. 812, a case decided by the late Judge Dooling, who presided in this Court. The proceeding before Judge Dooling sought to review action taken by a local Board under the Selective Draft Act of 1917, 50 U.S.C.A. § 226 note, the provisions of which were similar to those of the present Act. It is probable that he issued the writ assuming Section 1068 of the California Code of Civil Procedure, relating to the issuance of writs of review, applied under the Conformity Act, which has been superseded by the Federal Rules of Civil

Procedure effective in 1938, 28 U.S.C.A. following section 723c.

A motion to dismiss is made upon behalf of respondents upon the ground that "the Court is without jurisdiction over, and does not have the power to review, the actions of the respondents."

Upon consideration of the law applicable to the matter, I am of the opinion that the motion should be granted. Shimola v. Local Board No. 42, D.C., 40 F.Supp. 808; In re Soberman, D.C., 37 F.Supp. 522; United States ex rel. Roman v. Rauch et al., D.C., 253 F. 814.

The writ of certiorari will therefore be discharged, the restraining order issued on February 20, 1942, set aside, and the petition dismissed.