**UNITED STATES v. PACE (two cases).**

**Cr. Nos. 2205, 2210.**

District Court, S. D. Texas, Corpus Christi Division.

March 17, 1942.

Douglas W. McGregor, U. S. Atty., and William R. Eckhardt, III, Asst. U. S. Atty., both of Houston, Tex., and Charles Bowie, Asst. U. S. Atty., of Brownsville, Tex., for plaintiff.

E. G. Brown and J. T. Kellev, both of Corpus Christi, Tex., for defendants.

KENNERLY, District Judge.

These are prosecutions under the Selective Training and Service Act of 1940, Sections 301 to 318, Title 50 U.S.C.A.Appendix. Defendants duly registered under Section 302, and made out and filed their questionnaires, but claimed exemption from training and service in the land and naval forces of the United States:

(a) Because as they say they were and are "regular or duly ordained ministers of religion" under Subdivision (d) of Section 305; and

(b) Because as they say they were and are "conscientiously opposed to participation in war in any form", and "conscientiously opposed to participation in such non-combatant service" as defined in Subparagraph (g) of said Section.

Defendants' Local Draft Board and also the Appeal Board found that they were not ministers of religion within the meaning of the Act, but that they did so conscientiously oppose participation in war and participation in such non-combatant services, and ordered that they be assigned to work of national importance under civilian direction, as provided by Subdivision (2) of Subparagraph (g). Defendants were notified of the action of such Boards, and directed to report to begin work as so assigned, but refused to do so, and indictments followed. When arraigned, represented by counsel of their own choosing, they entered pleas of nolle contendere, which pleas were received by the Court.

1. An examination of the proceedings of the Local Draft Board and the Appellate Board is convincing that defendants were accorded a full and fair hearing, that they were found not to be ministers of religion within the meaning of the Act, and that there was evidence to support the finding. The action of the Boards must, therefore, in this proceeding be regarded as settling the question.[1]

Further, from such examination of defendants' claims and the documents which they now present, I am convinced that there is not only evidence to support the findings of the Boards, but that such findings are correct. I think defendants were not and are not ministers of religion within the meaning of the Act.

2. The remaining question is the action of the Boards in assigning defendants to work of national importance under civilian direction, etc.

The hearings before the Draft Boards were full and fair, and no question is raised as to the validity of the Act. The position of defendants is that because they are conscientiously opposed to participation in war in any form, etc., they may not be required to perform any service. But not so. It was the duty of the Boards to, as they did, assign defendants to work of national importance under civilian direction, and defendants having refused to report and begin work as so assigned are found guilty under Section 311 as charged.

[1] Judge Allred in a similar case (United States v. Pete Buttecali, D.C.S.D.Tex., Galveston Div., 46 F.Supp. 39) says: "While administrative findings cannot ordinarily be disturbed, the arbitrary denial of a fair hearing amounts to no hearing at all and, under such circumstances, may be set aside by the courts, Chin Yow v. United States, 208 U.S. 8, 28 S.Ct. 201, 52 L.Ed. 369. The first question to be determined is whether a fair opportunity was given for hearing. If it was, the case can proceed no further; and the denial of a hearing cannot be established by proving that the decision was wrong. It cannot be established simply by showing that the board did not accept certain sworn statements as true, even though no contrary or impeaching testimony was introduced, Chin Yow v. United States, supra; Franke v. Murray, 8 Cir., 248 F. 865, L.R.A.1918E, 1015. Where there was any evidence at all to support the decision of the local board, the courts are without jurisdiction to review a classification, Shimola v. Local Draft Board, D. C. Ohio, 40 F.Supp. 808; Petition of Soberman, D.C.N.Y., 37 F.Supp. 522; Angelus v. Sullivan, 2 Cir., 246 F. 54; United States ex rel. Roman v. Rauch et al., D.C.N.Y., 253 F. 814; Bonifaci v. Thompson et al., D.C.Wash., 252 F. 878; In re Kitzerow, D.C.Wis., 252 F. 865; Brown v. Spelman, D.C.N.Y., 254 F. 215."