**LEUER v. McINTYRE et al.**

**No. 11187.**

Court of Civil Appeals of Texas. San Antonio.

April 29, 1942.

Rehearing Denied May 27, 1942.

Gerald Weatherly, of Falfurrias, for appellant.

Douglas W. McGregor and Brian S. Odem, both of Houston, for appellees.

SMITH, Chief Justice.

This is a suit for injunction brought by James Joseph Leuer against E. D. McIntyre and others, constituting Local Draft Board No. 1 of Brooks County, Texas, operating under the provisions of the Federal Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 301 et seq. Leuer will be referred to as plaintiff and the Draft Board as defendants.

Plaintiff and his parents were residents of Falfurrias, Brooks County, and on October 16, 1940, plaintiff registered for the draft, claiming deferment upon the ground that his parents were dependent upon him for support. The claim was allowed by defendants and plaintiff was assigned to Class III, which gave him a deferred status.

A year later, on October 11, 1941, plaintiff arranged his affairs and removed to Paterson, N. J., within the jurisdiction of Local Board No. 16 there, and still resides within that jurisdiction, although employed in some character of work in nearby New York City.

It is provided in the Selective Service Regulations that in case of the removal of a registrant from the site of his home board the latter may, apparently in its discretion, transfer him to the local board of his new location, in this case Board No. 16 in Paterson, N. J.

A few days after plaintiff left Brooks County the local board there began proceedings which culminated in their order reclassifying him and assigning him to Class I-B, which meant that he was "available: fit only for limited military service," and that he "shall not be inducted until such time as they (he) may be acceptable to, and called by, the land or naval forces for training and service." Apparently, this was within itself a deferred class, and no one therein is presently being inducted. Now, pending the proceedings by the local board to reclassify plaintiff he made some effort to get the board to transfer him to the New Jersey Board, but the board reclassified him, instead, as stated.

It is provided in the Selective Training and Service Act that "local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe." 50 U.S.C.A.Appendix § 310(2).

It is provided in the Regulations prescribed by the President under authority of the Act that a registrant or his claimed dependents may appeal from the orders of local boards, to the Board of Appeals therein set up, and from the orders of the Board of Appeals, in certain cases, to the President. But neither plaintiff nor his dependents, who still reside in Falfurrias, made any attempt to appeal from the action of the local board about which he is complaining in this suit. In this connection it should be added that any registrant or other interested person may, at any time prior to induction, have his case re-opened and re-considered and his classification changed upon a sufficient showing. Selective Service Regulations of September 3, 1941, § XXX. So that, since plaintiff has not been inducted, and under his present classification probably will not be for some time to come, a remedy is still available to him for any relief he may show himself entitled to, even though he elected not to appeal from the order reclassifying him.

Both plaintiff and his dependents had the right of appeal from the rulings of the lo-

cal board of which he complains in this suit, as well as the right of re-opening his case. But neither he nor his dependents elected to exercise these rights. Plaintiff elected, instead, to resort to a State Court for relief from the actions of his local board, and the question is, has the State Court any jurisdiction to grant him that relief under the facts stated?

There is some difficulty in ascertaining from the record or the presentation of plaintiff's case in this Court, the specific purpose of the suit, or the relief plaintiff seeks therein. The original purpose seems to have been to enjoin the local board from reclassifying plaintiff and placing him in Class I–B, and for mandamus requiring the board to transfer him to the New Jersey Board. But, in the course of the proceedings, plaintiff seems to have abandoned his demand for injunction and mandamus, and seeks now only for judgment nullifying the order placing him in Class I–B, on the ground that plaintiff having moved from Falfurrias to Paterson, the Falfurrias Board has no further jurisdiction over him. The District Court declined to take jurisdiction of the suit, and we are called on in this appeal to determine the propriety of the District Court's ruling.

■■ Plaintiff invokes the obvious fiction that his suit is not one against defendants as members of the Local Draft Board, or to nullify acts done or attempted by them in their official capacities as members of the Board, but that it is merely a suit against them individually to nullify acts done by them in their private capacities. There is no merit in this contention. Plaintiff's every allegation was aimed at actions of defendants collectively, as members and officials of the Board; plaintiff's complaint being directed only at the manner in which defendants performed their official duties as members of the board, or, specifically, that they improperly reclassified plaintiff, and that they improperly failed to transfer him to the New Jersey Board. Any act done by the individual members of the Board in their private capacity towards fixing plaintiff's status as a drafted man would of course be a nullity, without power to enforce, and nobody need pay any attention to them. But any act done by them collectively, in their official capacity, is a very different thing, and carries with it the usual presumption of validity incident to official acts of governmental agencies.

■■ It requires no stretch of judicial prerogative to take notice of the extreme emergency confronting this country, or the necessity for prompt as well as drastic action by the executive and legislative branches to establish, mobilize, equip and train all the armed forces necessary for both defensive and offensive operations against those Powers now engaged in a highly unified and determined effort to destroy our government and people. To this end the Congress has enacted laws subjecting the able-bodied men of the nation to be drafted into armed forces, and has empowered the Executive to execute those laws with the greatest speed consistent with humane considerations. As a part of the legislative plan of selection and induction of men into the service, the Congress provided, in the Selective Training and Service Act, that local draft boards shall fix the status of registrants, subject to the right of appeal to Boards of Appeals, and thence from those Boards to the President. By the Act the registrant is limited to that remedy of appeal in case of his dissatisfaction with the acts of local boards, and is denied access to the courts as an alternative remedy to that of appeal provided in the Act. Myers v. Bethlehem Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Shimola v. Local Board, D.C., 40 F.Supp. 808.

■ Plaintiff having refused to resort to and exhaust the exclusive right of appeal prescribed by law in such cases, the District Court of Brooks County had no jurisdiction of his complaint, and properly dismissed the suit. This conclusion settles the appeal, and the judgment is affirmed.