## UNITED STATES v. GRIEME.
## SAME v. SADLOCK.
### Nos. 7967, 7968.

Circuit Court of Appeals, Third Circuit.

Argued May 18, 1942.

Decided June 9, 1942.

812

Abram Waks, of Paterson, N. J., for appellants.

Vincent E. Hull, Asst. U. S. Atty., of Newark, N. J. (Charles M. Phillips, U. S. Atty., of Trenton, N. J., on the brief), for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The appellants, who were indicted and tried separately, were each convicted of a willful violation of Sec. 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 311.[1] Each has appealed from the respective judgments of sentence entered by the court below upon the several verdicts. As both cases present substantially similar facts and as the questions of law raised by the appellants are identical, the appeals were consolidated, on motion, by order of this court and will be disposed of in one opinion. Fundamentally, the question involved is whether a registrant under the Selective Service Act, who has deliberately refused to obey his draft board's order of induction, may defend to a charge of willfully violating the Act by showing that the board erred in classifying him.

Each of the appellants, both of whom are members of the religious sect known as Jehovah's Witnesses, registered under the Selective Service Act. Each filled out a questionnaire which he. filed with his local draft board. Therein he set forth his membership in the religious sect which, as he averred, had ordained him as a minister for the purpose of expounding the sect's beliefs and distributing its tracts and pamphlets. He accordingly claimed exemption as a minister of religion and sought classification as such under IV–D. Each of the registrants also filled out and filed with his draft board the form provided for those claiming classification under IV–E as conscientious objectors. The draft board duly classified each of the registrants as a conscientious objector under class IV–E and sent them notices to that effect. Requests for reclassification as ministers of religion under IV–D having been refused by the local draft board, each of the registrants appealed to the county board of appeals, which sustained the action of the local draft board. Thereupon each of the registrants wrote to the office of the Director of the National Headquarters of the Selective Service System at Washington, D. C., seeking reclassification in accordance with his claim for exemption. Nothing more was done by National Headquarters with these letters than to transmit to the local draft board the registrant Sadlock's letter. In due course, the local draft board, continuing to find that the registrants were not entitled to classification as ministers of religion, sent each a notice to appear on a day certain for induction as a conscientious objector for the performance of work of national importance of a noncombatant nature. Each of the registrants knowingly and deliberately refused to obey the local draft board's orders of induction. Their indictment for a willful violation of Sec. 11 of the Selective Service Act followed.

At trial the government's proofs embraced the record facts with respect to each of the registrants, to which we have already made reference. In defense, each of the registrants offered to prove that he was an ordained minister of the Jehovah's Witnesses, this, for the avowed purpose of establishing error as the result of arbitrary and capricious conduct on the part of the local draft board in classifying the registrants, who urged that the draft board's alleged error justified them in refusing to obey the board's order of induction and that therefore they were not guilty of willful violation of the Selective Service Act.

The learned trial judge excluded the particular matter proffered in defense, refused to charge the jury, as requested, that if the registrants should have been classified under IV–D rather than IV–E, their failure to comply with the draft board's order of induction was not a violation of the Act, and instructed the jury to disregard that portion of the summation by defendants' counsel wherein he argued to the same effect as his request for charge

---

[1] Sec. 11 of the Selective Training and Service Act of 1940 provides in material part as follows: "Any person charged as herein provided with the duty of carrying out any of the provisions of this Act, or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty, and any person charged with such duty, * * * who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act, * * * shall, upon conviction in the district court of the United States having jurisdiction thereof, be punished. * *."

814

which had been refused. We think that the matter offered by the defendants, relating, as it did, to the draft board's exercise of its discretion in its administration of the Selective Service Act, was wholly irrelevant and immaterial to the charge contained in the indictment and that the action of the trial court was proper.

Section 10(a) (2) of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 310(a) (2), provides in part here material that: " * * * Such local [draft] boards * * * shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards * * *, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe."

 The courts have uniformly ruled that the findings whereon draft boards base their decisions are final and may not be disturbed by the courts unless it appears that the person affected thereby has not been afforded a full and fair hearing or unless the members of the local draft board acted contrary to law or abused the discretion reposed in them by the statute. United States ex rel. Pasciuto v. Baird, D.C.E.D.N.Y., 39 F.Supp. 411, 413; United States ex rel. Broker, v. Baird, D.C.E.D. N.Y., 39 F.Supp. 392, 394; United States ex rel. Errichetti v. Baird, D.C.E.D.N.Y., 39 F.Supp. 388, 391, 392; United States ex rel. Filomio v. Powell, D.C.N.J., 38 F.Supp. 183, 189; Dick v. Tevlin, D.C.S.D.N.Y., 37 F.Supp. 836, 838. A similar rule had been evolved by court decision under the Selective Draft Act of 1917, 50 U.S.C.A. Appendix, § 201 et seq. Arbitman v.

Woodside, 4 Cir., 258 F. 441, 442; United States ex rel. Pascher v. Kinkhead, 3 Cir., 250 F. 692, 694; Boitano v. District Board, D.C.N.D.Cal., 250 F. 812, 813. No jurisdiction is conferred upon the courts by the Selective Training and Service Act of 1940 50 U.S.C.A. Appendix, § 301 et seq., to review the findings of local draft boards. Shimola v. Local Board, D.C.N.D.Ohio, 40 F.Supp. 808, 810; Petition of Soberman, D.C.E.D.N.Y., 37 F.Supp. 522, 523. Here again the rule is similar to the construction placed upon the Selective Draft Act of 1917. See Ex parte Hutflis, D.C.W.D. N.Y., 245 F. 798, 799. Nor is the merit of the decision by a local draft board subject to court review upon writ of certiorari. (Allison v. Local Board, D.C.N.D.Cal., 43 F.Supp. 896) or upon writ of habeas corpus. United States ex rel. Troiani v. Heyburn, D.C.E.D.Pa., 245 F. 360, 362. However, a registrant who has been inducted pursuant to the Selective Service Act may, by writ of habeas corpus, obtain a judicial determination as to whether the local draft board acted in an arbitrary and capricious manner or denied the registrant a full and fair hearing. See United States ex rel. Pasciuto v. Baird, supra; United States ex rel. Errichetti v. Baird, supra; Application of Greenberg, D.C.N.J., 39 F.Supp. 13, 16; United States ex rel. Filomio v. Powell, supra, 38 F.Supp. at page 186; Dick v. Tevlin, supra.

██ Whether a registrant is a minister of religion presents a question of fact which, from its very nature, is committed by the Act to the determination of the competent local draft board. Johnson v. United States, 8 Cir., 126 F.2d 242, 247. The only appeal from a finding of such nature is the appeal provided by the Act to the county appeal board. It is only a limited number of instances which involve primarily questions of dependency that registrants may appeal to the President;[2] and the records in the instant cases do not

[2] Vol. 3 Selective Service Regulations § 27 provides that appeal from a determination of a board of appeal may be made to the President, only if all the following conditions are satisfied: (1) the appeal board must have placed the registrant in Class I or Class IV-E, and at least one or more members of the board of appeal must have dissented from a determination that the registrant should not be deferred because of dependency; (2) the appeal to the President must be on ground of dependency alone; (3) appeal must be signed by registrant, dependent of registrant, or government appeal agent; (4) appeal must be made within five days of mailing of Notice of Classification or Notice of Continuance of Classification, unless local board grants extensions of time; and (5) a member of local board, the government appeal agent, or the Governor must explain and certify, in writing, that great and unusual hardship will follow the induction of the registrant, and the person so certifying must specifically recommend deferment.

present situations appropriate for appeal to the President. Persons obliged to register under the Selective Service Act are not entitled to exemption as a matter of right. The discretion to determine whether certain classes of registrants should be exempted or deferred is reposed by the Act in the President and the boards or agencies which he is further authorized to create for the purpose of administering the Act. In United States ex rel. Koopowitz v. Finley, D.C.S.D.N.Y., 245 F. 871, 877, which arose under the Selective Draft Act of 1917, the court said that: "Whether a person is a non-declarant alien or not is a question of fact, exactly the same as whether a person is a duly ordained minister of religion * * *, and the clear purpose of the act was that the fact should be ascertained by the administrative boards which the President was authorized to create. Any other method would have made the act, * * * unworkable * * *."

As the decision of the local draft board with respect to the proper classification of each of the present appellants was final and conclusive, alleged error of decision by the board in the exercise of its statutory discretion was not germane to the charge for which the appellants were indicted and was therefore not for the consideration of the jury. What the jury was required to determine was whether the registrants after classification, which had been confirmed on appeal, intentionally ignored the board's order to report for induction (an offense under Sec. 11 of the Act). Any matter exculpatory of the defendants would be such as indicated their lack of intent to disregard the board's order, e. g., if the board failed to send the registrants notice to appear, or if the registrants did not receive the notice through no fault or neglect of their own. The correctness of the classification made by the local draft board and the question whether the board acted in an arbitrary or capricious manner are not defenses to a prosecution under the Act for a failure to comply with the board's order. In Johnson v. United States, supra, it is intimated that perhaps a defendant in a prosecution under the Act for refusal to report for induction may raise an issue as to whether the local board acted in an arbitrary and capricious manner. The intimation, however, is merely a dictum. What was actually held was that no such question could

be raised in that case since the defendant had not exhausted the administrative remedies open to him.

We think it is clear that, if a local draft board acts in an arbitrary and capricious manner or denies a registrant a full and fair hearing, the latter, although bound to comply with the board's order, may, by writ of habeas corpus, obtain a judicial determination as to the propriety of the board's conduct and the character of the hearing which it afforded. The registrant may not, however, disobey the board's orders and then defend his dereliction by collaterally attacking the board's administrative acts. The court below therefore properly excluded the matter proffered in defense by the present appellants.

The judgment of the District Court in each case is affirmed.