## BAXLEY v. UNITED STATES.

### No. 5057.

Circuit Court of Appeals, Fourth Circuit.

April 8, 1943.

C. T. McDonald, of Salem, Mass., for appellant.

Ben Scott Whaley, Asst. U. S. Atty., of Charleston, S. C. (C. N. Sapp, U. S. Atty., of Columbia, S. C., and Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a conviction and sentence on an indictment charging violation of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 301 et seq., by the failure of appellant to report to a local Draft Board for the purpose of being inducted into a work camp for conscientious objectors and by his failing to be inducted into such camp. Appellant is a member of the sect known as Jehovah's Witnesses. On November 28, 1940, he returned the questionnaire sent him by his local Draft Board claiming exemption from both combatant and non-combatant military service on the ground that he was a conscientious objector. He stated in the questionnaire that he was a carpenter engaged

in constructing buildings at Fort Jackson, S. C. and that he had been engaged in that kind of work for four years and was a skilled worker in the construction trade. Under the heading of other occupational experience, he stated that he was a farmer and had engaged in that occupation from 1931 to 1940 working as a carpenter during the Winter months, and that he gave this information because he might go back to farm work in a short time. He stated that his income from his occupation was $400 during the past twelve months and that he had no other income. He did not claim classification under series VIII of the questions entitled "Minister or student preparing for the Ministry", and filled in none of the blanks in that series. At the end of the questionnaire under the heading "Registrant's statement regarding classification", he stated that it was his opinion that his classification should be class IV and added the following: "I am a minister of the gospel ordained by Jehovah God (not by any man or school) to preach the coming of His Kingdom to those of good will (one of Jehovah's Witnesses)."

The local Draft Board placed appellant in class 1–A, the classification was duly appealed to the Board of Appeal, and on January 7, 1942, this classification was affirmed. The matter then came before the Director of the Selective Service System, who on June 3, 1942, classified appellant in class IV-E as being conscientiously opposed to both combatant and non-combatant military service and directed that he be inducted into service and delivered to a conscientious objectors' public service camp on June 22, 1942. Notice was duly sent to him by the local Board, but he failed to report for induction; and an indictment was returned against him charging such failure.

Appellant defended on the ground that he was a minister of the gospel and not subject to the draft. He testified to that effect and offered an affidavit, signed by a number of persons on June 15th, after notice to report had been received by him, to the effect that they had witnessed his ordination in 1937. These affidavits were presumably sent with a letter of appellant to the local Draft Board on June 15th. He moved for a directed verdict on the ground that the evidence showed that he was an ordained minister and therefore exempt from the requirements of the Selec-

tive Service Act; and to the charge of the court that the only issue in the case was whether or not appellant had obeyed the orders of the Board, he excepted on the ground that whether he was an ordained minister or not and whether the action of the Board in refusing to so classify him was arbitrary, were jury questions.

■ Appellant's contentions are entirely without merit. The classification made by the Board was supported by the statements of appellant contained in his questionnaire; and there is absolutely nothing in the record before us to show that its action was arbitrary or unreasonable or invalid for any other reason. Certainly it could not be impeached because of affidavits as to the ministerial status of appellant made after the order was entered or the letter written by him to the Draft Board after that time. We may assume that the invalidity of an order of the Board would constitute a defense to a criminal prosecution. See Rase v. United States, 6 Cir., 129 F.2d 204; Johnson v. United States, 8 Cir., 126 F.2d 242; United States v. Pace, D.C., 46 F. Supp. 316; United States v. DiLorenzo, D.C., 45 F.Supp. 590; United States v. Newman, D.C., 44 F.Supp. 817. Contra, United States v. Grieme, 3 Cir., 128 F.2d 811; Fletcher v. United States, 5 Cir., 129 F.2d 262; United States v. Bowles, 3 Cir., 131 F.2d 818. This does not mean, however, that the District Court may try over the issue as to classification passed upon by the Board. It means merely that, if the order of the Board is found to lack foundation in law, or to be unsupported by substantial evidence, or to be so arbitrary and unreasonable as to amount to a denial of due process, the court should treat it as a nullity in the same way as if the question arose in a habeas corpus proceeding. There is nothing here upon which such a finding of invalidity could be based. Certainly the Board was not bound to find that petitioner was a minister within the meaning of the Selective Service Act when the statement in his questionnaire clearly negatived such a status. Rase v. United States, 6 Cir., 129 F.2d 204, 209; Johnson v. United States, 8 Cir., 126 F.2d 242, 247; United States v. Buttecali, D.C., 46 F. Supp. 39.

There was no error and the judgment below will be affirmed.

Affirmed.