### HAUCK v. HOYL et al.
### No. 22697–S.

District Court, N. D. California, S. D.

Sept. 28, 1943.

John Selby and W. J. Austin, both of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondents.

ST. SURE, District Judge.

Petitioner, having exhausted his administrative remedies under the Selective Training and Service Act of 1940, 50 U.S. C.A. Appendix, § 301 et seq., seeks release from the Army of the United States through habeas corpus alleging that he was erroneously classified by his local Selective Service Board, and because of such classification illegally inducted into the Army. He is now at Camp Roberts, California.

Petitioner is a citizen of the United States born September 12, 1918, and resided on a farm operated by his father, an older brother and himself, near Golden Valley, North Dakota. He registered for the draft on October 16, 1940, with Local Board No. 1, Mercer County, Stanton, North Dakota and was assigned order number 399. The Local Board mailed the Selective Service Questionnaire (D.S.S. Form 40) to him on November 11, 1940, which he filled out on November 12, 1940 and it was received by the Board on November 15, 1940. Petitioner averred in his questionnaire that he had no physical defects; was employed by his father in ranching and farming; his average weekly earnings were $12.50; that he had farmed for eight years on a farm consisting of 1010 acres with 540 head of cattle; that two farm hands were employed.

From the stipulated record it appears that petitioner was classified by the Local Board on March 22, 1941 as Class I; reclassified on March 27th in Class II-A for a period of three months; on July 21st reclassified in Class I; on September 23d he was placed in Class I-A; on September 30th the Board postponed induction for sixty days; on December 22d petitioner was retained in Class I-A; on January 8, 1942, the Board ordered petitioner to appear for pre-induction physical examination which was had on January 13th; on the last-named date, Fred Hauck, father of petitioner, filed with the Local Board, through the Government Appeal Agent, an affidavit, dated January 12th, requesting deferment; on January 17th petitioner was placed in Class II-A; on March 25th reclassified in Class I-A; on April 10th petitioner was given a personal hearing by the Local Board and his classification was not changed; on April 10th petitioner appealed to the Board of Appeal from his I-A classification; by letter dated April 24th the North Dakota State Director advised the Local Board that its action on January 17th in placing petitioner in Class II-A was in error since he had already been mailed D.S.S. Form 150 A and had been found acceptable by the Army on January 13th; on May 8th the Local Board cancelled its action of January 17th, placing petitioner in Class II-A, and extended the time for appeal to May 10, 1942; on May 13th the Board of Appeal classified petitioner in Class I-A by a vote of 4 to 0; on May 20th the Local Board mailed notice of action by Board of Appeal to petitioner; on May 28th petitioner's father appeared in person before the Local Board and requested that petitioner's induction be postponed for thirty days, which was granted; on July 14th petitioner was ordered to report for induction on July 24th; thereafter a temporary stay of induction was granted; on September 18th petitioner was ordered to report for induction on September 28th; by letter dated September 19th to the Clerk of the Local Board petitioner's father requested a further deferment for petitioner until end of harvest, and petitioner's induction was postponed; on October 17th petitioner was ordered to report for induction on October 28th; on October 26th petitioner was notified by letter from the Local Board that his date of induction had been changed from October 28th to November 9th; on November 2d petitioner was notified by card from the Local Board that he need not appear for induction on November 9th as called for by letter of October 26th; on November 12th the Local Board advised petitioner by letter of the termination of his postponement of induction and ordered him to report for induction on November 16th; on November 16th petitioner was inducted into the Army of the United States at Fort Snelling, Minnesota, and placed in Class I-C by the Local Board on November 23d; on December 18th petitioner was erroneously discharged from the Army of the United States because of "Importance to National Health"; on January 28, 1943 the Local Board reopened petitioner's classification and classified him I-A by a vote of 2 to 0; on February 1st the Local Board mailed a notice of classification to petitioner; on February 10th petitioner appealed his classification to the Board of Appeal; on February 17th the Board of Appeal classified petitioner in I-A by 3 to 0; on February 23d the Local Board mailed a notice of continuance of classification; on March 6th petitioner was ordered to report for induction on March 16th; on March 13th the Local Board received a letter dated March 12th from Herbert W. Bohrer,

Chairman, Mercer County, United States, Department of Agriculture War Board, requesting that petitioner's classification be appealed; attached to this letter were the affidavits of three members of the War Board; by letter dated March 13th the Local Board advised Mr. Herbert Bohrer that the appeal requested by the War Board could not be granted since an appeal had already been had and petitioner had been ordered on March 6th to report for induction on March 16th; on March 25th petitioner was inducted into the Army of the United States at Fort Snelling, Minnesota; on April 1, 1943 the Local Board placed petitioner in Class I-C.

Petitioner's motion to strike out Exhibits "B", "C", "D", "E" and "F", portions of the return to order to show cause, upon the ground of immateriality is well taken, and in arriving at my conclusion I have disregarded them.

Petitioner contends that the action of the Local Board was "arbitrary and capricious" because of its failure to defer him when he was engaged in an agricultural occupation. It appears from the record that for more than two years the Local Board had petitioner's case before it for consideration, and in passing upon it in its various phases acted in accordance with the provisions of the Selective Service Act and the regulations thereunder. See Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 305(e); Selective Training and Service Act of 1940, as amended, Sec. 5(k); Selective Service Regulations No. 622.25, No. 633.14; No. 626.1(a); No. 626.2; No. 626.3; No. 627.1 to 627.31; No. 627.61 to 627.72; No. 628.1 to 628.7.

■ "Persons obligated to register under the Selective Service Act are not entitled to exemption as a matter of right. The discretion to determine whether certain classes of registrants should be exempted or deferred is reposed by the Act in the President and the boards or agencies which he is further authorized to create for the purpose of administering the Act." United States v. Grieme, 3 Cir., 128 F.2d 811, 815. It is only when it appears on the face of the record that the action of the Local Board infringed the constitutional rights of the inductee that the courts have the right to interfere, for draft boards are administrative agencies not subject to review by the courts. See Shimola v. Local Board, D.C., 40 F.Supp. 808, 810; Drumheller v. Berks County Local Board, D.C.,

43 F.Supp. 881, 882; Rase v. United States, 6 Cir., 129 F.2d 204, 207; United States v. Grieme, supra, 3 Cir., 128 F.2d at page 814.

■ It is further contended by petitioner that under the authority of Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, he is entitled to be produced in court and have a judicial hearing. One of the questions put by the Supreme Court, 312 U.S. at page 283, 61 S.Ct. at page 577, 85 L.Ed. 830, is, "Was the District Court, on the filing of the petition, bound forthwith to issue the writ and have the petitioner produced in answer to it?" The question is answered as follows (312 U.S. at page 284, 61 S.Ct. at page 578, 85 L.Ed. 830): "It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer. By this procedure the facts on which the opposing parties rely may be exhibited, and the court may find that no issue of fact is involved. In this way useless grant of the writ with consequent production of the prisoner and of witnesses may be avoided where from undisputed facts or from incontrovertible facts, such as those recited in a court record, it appears, as matter of law, no cause for granting the writ exists. On the other hand, on the facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge. This practice has long been followed by this court and by the lower courts. It is a convenient one, deprives the petitioner of no substantial right, if the petition and traverse are treated, as we think they should be, as together constituting the application for the writ, and the return to the rule as setting up the facts thought to warrant its denial, and if issues of fact emerging from the pleadings are tried as required by the statute."

■ In the instant case the procedure mentioned in Walker v. Johnston, supra, as outlined above, has been followed. The facts are exhibited by the record and from them it appears that the investigation and proceedings of the Local Board were fair and that its findings are supported by substantial evidence.

The petition for writ of habeas corpus is denied.