### TRAVELERS' INS. CO. v. ALLEN.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1916.)

No. 4630.

1. EVIDENCE &#8660;59—PRESUMPTIONS—SUICIDE.
     There is a presumption against suicide in an action on an accident policy, and the burden is on defendant to establish it.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 79; Dec. Dig. &#8660;59.]

2. INSURANCE &#8660;668(12)—ACCIDENT INSURANCE—EVIDENCE—SUFFICIENCY.
     In an action on an accident policy for the death of insured resulting from suffocation by gas in a hotel room, the question whether the death was accidental *held* for the jury.
     [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1763; Dec. Dig. &#8660;668(12).]

3. INSURANCE &#8660;458—ACCIDENT INSURANCE—RIGHT OF RECOVERY.
     Where one insured under an accident policy was suffocated in a hotel room by gas, recovery may be had, whether the escape of the gas was caused by insured's own accident or that of another.
     [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1176; Dec. Dig. &#8660;458.]

4. INSURANCE &#8660;659(1)—ACCIDENT INSURANCE—EVIDENCE—TESTIMONY AT CORONER'S INQUEST.
     In an action on an accident policy, testimony by a witness, given at a coroner's inquest over the body of the insured, offered by defendant, is properly excluded, particularly where the witness was present and testified at the trial on defendant's behalf.
     [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1691, 1693; Dec. Dig. &#8660;659(1).]

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action by Maude Allen against the Travelers' Insurance Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

---

&#8660;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William F. Gurley, of Omaha, Neb. (Joseph W. Woodrough and David A. Fitch, both of Omaha, Neb., on the brief), for plaintiff in error.

Gerald F. Harrington, of Omaha, Neb. (R. M. Johnson and M. F. Harrington, of O'Neill, Neb., on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is an action by the beneficiary of a policy of accident insurance issued to Zachariah Cuddington. The insured was found dead in his room in a hotel in Omaha, Neb., on the morning of October 30, 1914. It was agreed that his death resulted from suffocation by gas. The defense was that he committed suicide—a cause of death not covered by the policy. The jury found the issue for the plaintiff, and judgment was rendered accordingly.

[1, 2] The defendant contends that the undisputed evidence showed suicide, and therefore the trial court erred in denying its motion for a directed verdict. It must be admitted that the evidence as a whole pointed quite strongly to suicide, but we cannot say there was not substantial evidence to the contrary, and that the conclusion of the court and jury was unjustified. There were some substantial conflicts in the evidence. This was particularly so as to the testimony of the hotel porter, but as he and those who testified upon the same matters were before the jury it was their province to determine where the truth lay. A chambermaid, who first looked into the room from an unlocked door of the one adjoining, said the gas smelled stronger in the latter place, also that the transom over the door leading from the room of the insured to the hall was open—a fact rather inconsistent with suicide intelligently premeditated. A friend who was with the insured at the hotel until some time after 9 o'clock the previous evening testified that they had a pleasant, cheerful time together. Much is made of two letters in the handwriting of the insured, found in his possession, addressed to a niece, and showing a contemplation of death. Assuming they were originals, and not copies retained by him, we do not attach great significance to them. They were dated May 1st and 5th of the same year, nearly six months before his death, and his expressions which are regarded as so indicative were of a general character, and the not unnatural contemplations of a man of his age. He was a bachelor of about 62 years. Moreover, in one of them he spoke of an intention to make another niece, the plaintiff, the beneficiary in his accident policy, and that was in fact done three months after the date of the letter, and three months before his death. The letters contained various directions he desired carried out, and, even if originals, may reasonably have been written at their dates, and retained to be found with him in case of death in the usual course. Experience teaches that such ways of men are not uncommon. If the letters were written at their dates, almost all their evidential value to the defendant disappears. On the other hand, there was another letter, dated the day before he died, addressed to his nephews, in which he promised to visit them

"as soon as election is over," and that presumably was the fall election then soon to occur. We do not set out all the evidence, which, as we say, pointed rather strongly to suicide, but have merely mentioned some considerations which might reasonably have caused the trial court to pause and finally to decide to submit the case to the jury. The presumption was against suicide, and the burden was on the defendant.

[3] Complaint is also made of an instruction that, if the death of the insured resulted from his own accident or the accident of another, the plaintiff might recover. The instruction is sound as a legal proposition, but it is said there was no evidence whatever of the act of any other person. We think the trial court properly regarded the source of the escaping gas, and whose act or omission caused it, as sufficiently doubtful and obscure to justify the instruction.

[4] The exclusion of the testimony of the hotel porter at the coroner's inquest was proper. Aside from its incompetency as an original proposition the porter, as a witness for defendant, testified at the trial below.

The judgment is affirmed.