BROWN v. SPELMAN et al.

(District Court, E. D. New York. June 3, 1918.)

1. ARMY AND NAVY ⟨⇒20—SELECTIVE SERVICE ACT—PROCEEDINGS BEFORE LO-CAL AND DISTRICT BOARDS.

In view of the regulations promulgated by the President under the Selective Service Act, local boards provided for by the act have the widest possible latitude for the purpose of informing themselves of the truth or falsity of statements made by registrants, and such boards are not in any way restricted to what would be competent legal evidence in any judicial proceeding.

2. ARMY AND NAVY ⟨⇒20—SELECTIVE SERVICE ACT—RELIEF IN COURTS.

The civil courts can grant relief from orders of local and district boards provided for by the Selective Draft Act only where such boards have acted without or in excess of their jurisdiction, or the proceedings have been unfair, or show an abuse of discretion; hence, where the boards, in disposing of registrant's claim that he was over the age prescribed in the act and that his name should be stricken from the list, followed the regulations, etc., no relief could be granted by the courts.

At Law. Application by Sam Brown for writ of certiorari, or writ of mandamus, directed to James J. Spelman and others, as members of the Local Board for Division No. 35 of the Borough of Brooklyn, City of New York, and Charles J. Pflug, as Adjutant General of the State of New York. Application denied.

Solomon S. Schwartz, of Brooklyn, N. Y., for plaintiff.

Melville J. France, U. S. Atty., of Brooklyn, N. Y., for defendants.

GARVIN, District Judge. This is an application for a writ of certiorari, or a writ of mandamus, directing the defendants, who are members of a local board in the city of New York, created under the provisions of the act of Congress, known as the Selective Service Law, approved May 18, 1917 (40 Stat. 76, c. 15), and the adjutant general of the state of New York, to strike the plaintiff's name from the list of persons registered under the Selective Service Law, and asking that a writ of prohibition be issued, restraining the defendants from inducting the plaintiff into military service.

The petition sets forth that on June 5, 1917, the petitioner was over the age of 31 years; that on that day he appeared before the registration board of the 158th precinct of the county of Kings, city and state of New York, and stated to said board that he was born April 17, 1886; that three members of the board said that he would not have to register, as he was past the age of 31 years; that one member, who appeared to be the chairman of the board, after a telephone conversation with some one, informed the petitioner that he would have to register on a doubt, but that, if it appeared subsequently that he was not subject to registration, his name would be stricken from the roll; that the petitioner, believing at the same time that he was not liable to military duty under the Selective Service Law, so registered; that he subsequently discovered that he was not liable to military duty under the law, and made application in writing to local board for division 35, of which the defendants Spelman, Walsh, and Pflug are mem-

bers, to cancel his registration and to strike his name from the list of persons certified for military duty, which the defendants refused to do; that the petitioner then offered to produce witnesses to prove that he was over the age of 31 years on June 5, 1917, but said defendants refused to grant a hearing, at the same time stating to petitioner that he would have to submit his claim and proof in writing; that the petitioner has submitted his claim in writing to the said local board, and also affidavits, made by himself and other persons, stating that he was born on April 17, 1886; that said local board members subsequently informed petitioner that they had forwarded his claim and affidavits to the adjutant general of the state of New York; that thereafter the petitioner received a communication from the adjutant general of the state of New York requiring him to produce further proof of his age, including a requirement to produce his birth certificate; that the petitioner thereupon forwarded to the adjutant general his (petitioner's) affidavit, stating that he was not in possession of a birth certificate and could not obtain one, as the province in which he was born is now under German occupation. In addition to this affidavit the petitioner also forwarded to the adjutant general affidavits of other persons who knew petitioner's age; that with petitioner's claim and proof forwarded to the adjutant general as above set forth the local board forwarded its finding of fact and its recommendation; that petitioner was subsequently informed by the local board (which is made up of three of the defendants as aforesaid) that the petitioner's claim that he was registered through error and not subject to military service has been denied.

[1] A careful reading of the regulations promulgated by the President under the Selective Service Law indicates a clear intention on the part of Congress that the proceedings before the local and district boards shall not be conducted with the same regard for rules of evidence as must be observed by the courts in determining issues presented. Section 95 of the selective service regulations reads in part:

"All affidavits and other written proof (not an integral part of the questionnaire) filed by the registrant, or by any other person in support of any claim for exemption or discharge, whether of his or their own motion, or in response to the requirement of the local or district board, must be legibly written or typewritten on one side only of white paper of the approximate length, but no longer than a page of the questionnaire."

From this it appears that Congress did not intend that the boards should consider only affidavits as proof. Section 101 of the selective service regulations provides:

"In classifying registrants, local boards shall first examine the registrant's entries on the first page of the questionnaire, and also the answers to the questionnaire and all other proof in the case, and shall proceed to classify the registrant in accordance with the following rules."

From this it is evident that Congress intended to give the local boards the widest possible latitude for the purpose of informing themselves concerning the truth or falsity of the statements made under oath by registrants, and that the boards are not to be in any way restricted to what would be competent legal evidence in any judicial proceeding.

[2] In the case at bar the three defendants who comprised local

board 35 followed section 61 of the selective service regulations carefully. The adjutant general acted in accordance with the law, after a careful investigation, as is indicated from the papers presented by petitioner himself. With its conclusions this court cannot interfere, unless the case is brought within the provisions of Angelus v. Sullivan, 246 Fed. 54, 150 C. C. A. 280, which holds that:

"The civil courts can afford relief from orders made by such boards in any case where it is shown that their proceedings have been without or in excess of their jurisdiction, or have been so manifestly unfair as to prevent a fair investigation, or that there has been a manifest abuse of the discretion with which they are invested under the act."

The members of the local board acted strictly in accordance with the law, and the adjutant general, after a careful investigation, directed that the registrant be held for military service.

The application must be denied.