## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. BROOKS. *

(Circuit Court of Appeals, Eighth Circuit. August 7, 1926.)

No. 7236.

Insurance ☞668(12).

Whether insured's death from gunshot wound was accident or suicide *held* for jury under evidence.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Action by Lucy M. Brooks against the Pacific Mutual Life Insurance Company of California. Judgment for plaintiff, and defendant brings error. Affirmed.

William R. Gentry, of St. Louis, Mo. (M. F. Watts, of St. Louis, on the brief), for plaintiff in error.

Amandus Brackmann, of St. Louis, Mo. (Blackmann, Hausner & Versen, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and WOODROUGH and SCOTT, District Judges.

WOODROUGH, District Judge. This is an action by the beneficiary in an accident insurance policy issued to one George S.

*Rehearing denied October 18, 1926.

Brooks, who came to his death, while the policy was in force, as the direct result of a gunshot wound inflicted upon him. The insurance company claims that the insured committed suicide, and that the whole evidence in the case, although circumstantial, is inconsistent with any other· reasonable hypothesis. Error is complained of in the refusal of the trial court to give a peremptory instruction to that effect. The jury, having been properly instructed that the burden of proof was upon plaintiff to prove accidental death within the provisions of the policy, found the issue against defendant, and judgment was rendered accordingly.

Counsel for plaintiff in error have presented both orally and in their briefs an elaborate and painstaking analysis of the evidence from the plaintiff's viewpoint, and this court must admit in this case, as it did in Travelers' Insurance Co. v. Allen, 237 F. 78, 150 C. C. A. 280, that in the opinion of the judges "the evidence as a whole pointed quite strongly to suicide." The detailed statements of the evidence in the briefs of the respective parties necessarily covers many pages, and to reiterate it would unduly extend this opinion.

Suffice it to say there was no direct testimony as to how the fatal shot came to be fired; there was no evidence of any word or act of the insured beforehand indicating suicidal inclination or intent on his part; nor any unequivocal admission by him to that effect during the period of consciousness after the shot was fired. The insured ran an errand for his wife to the grocery store, and on his way home chatted with a neighbor about taking a trip, joked with his son as he entered the kitchen of his house, mounted the stairs leading to his sleeping chamber, all the time appearing quite normal, and in a few minutes the shot was heard and he was found mortally wounded but retaining consciousness for some minutes. There is expert testimony to show that the automatic Winchester shotgun from which the shot came, and which belonged to Mr. Brooks, was not at all dangerous in the hands of a man used to handling it, as he undoubtedly was. A physical demonstration · was made on the argument before this court of the ease with which Mr. Brooks could have intentionally discharged the load of the gun into his body by pressing upon the trigger with his toe, and also the many safety features of the gun which would tend to prevent the result from occurring accidentally, but still the chance of accident remained, and on the whole case it was for the jury to

determine the issue of fact. Its determination in favor of the beneficiary is not without some substantial support in the testimony.

The judgment is affirmed.