## DICK v. TEVLIN et al., Local Board No. 112.

District Court, S. D. New York.

April 2, 1941.

Aronsky & Aronsky, of New York City (Barnet Odessky, of New York City, of counsel), for plaintiff.

Mathias F. Correa, U. S. Atty. for Southern District of New York, of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for defendants.

LEIBELL, District Judge.

Plaintiff has brought this action against the members of Local Board No. 112, County of Bronx, State of New York, appointed pursuant to the Selective Training and Service Act of 1940, § 1 et seq., 50 U.S.C.A. Appendix, § 301 et seq., for the following relief: "plaintiff demands judgment that this Court issue a peremptory mandamus order directed to the defendants commanding them to forthwith permit the said plaintiff to change the date of his birth stated on his registration card and questionnaire to September 22nd, 1904 and discharge the said plaintiff from their supervision and jurisdiction over him and cancel and vacate any and all orders which heretofore have been directed against him or to show cause why the command of such order should not be obeyed, and for such other and further relief as may be proper and just in the circumstances and for a restraining order pending the determination of this action staying the transmittal of any papers or the entry of any order or induction of the plaintiff into the army of the United States or the taking of any action or steps towards the induction of the plaintiff into the army of the United States until the decision of the Court herein."

On March 24th, 1941, I signed an order requiring the defendants to show cause "why an order should not be made and entered herein restraining the said defendants their agents, servants or employees and any and all other persons acting under the Selective Training and Service Act of 1940, from taking any steps towards the induction of the plaintiff into the armed service of the United States pending the hearing and determination of this action for a peremptory or alternative writ of mandamus. * * *"

The order to show cause itself contained a temporary restraining provision until the hearing and determination of this motion. The plaintiff was to have been inducted into the armed forces of the United States on March 25th.

Plaintiff contends that he erroneously gave the date of his birth as September 22nd, 1905, when he registered and on his questionnaire, which would make him

thirty-five years old and subject to the provisions of the Selective Training and Service Act, whereas he now claims to have been born September 22, 1904, which would place him outside the age limit of the Act, § 2, 50 U.S.C.A. Appendix § 302.

The United States Attorney has appeared herein for the defendant Local Board and in addition to submitting affidavits on the issue, he has moved to dismiss the complaint "for lack of jurisdiction or in the alternative for failure to state a cause of action".

Considering this suit as one for a writ of mandamus, as it claims to be, it must be dismissed because a federal district court has no jurisdiction of original proceedings seeking relief by mandamus. See Note 142 under § 24 (1) of the Federal Judicial Code, 28 U.S.C.A. § 41 (1), and the cases cited therein. A suit for a writ of mandamus is not an action at law or a suit in equity under § 24 of the Federal Judicial Code, 28 U.S.C.A. § 41. If this Court has no jurisdiction of the action itself, then manifestly the Court cannot grant any preliminary relief on a motion made therein.

Some of the powers of local boards are set forth in § 10 (a) (2) of the Selective Training and Service Act of 1940, 50 U.S.C.A. appendix, § 310 (a) (2), which provides in part: "Such local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe."

The Local Board has the right to pass upon the question of the registrant's age. On the question of the age of a registrant, in the case of Brown v. Spelman, D.C., 1918, 254 F. 215, both certiorari and mandamus were denied because it was believed that the question of age was a question for the Local Board and the registrant had had a full and fair hearing.

I have read the affidavits submitted by plaintiff as to the various steps taken before the Local Board and the Board of Appeal. It does not appear that the Board of Appeal, when it affirmed the classification of registrant on March 15, 1941, had before it the three affidavits of plaintiff's sisters, submitted to the Local Board on March 18, 1941, claiming that to their knowledge the registrant was thirty-six years old, not thirty-five, at the time he registered, or the letter of the immigration authorities at Ellis Island that registrant's age was given as sixteen when he arrived at the Port of New York on July 11, 1921. It seems to me that the Local Board might very well reopen registrant's case, grant him a full hearing, receive in evidence all the affidavits and evidence he may wish to submit and which is now available, incorporate in the registrant's file statements as to his age when he applied for a marriage license and for naturalization, and then after reaching a decision, if it is adverse, afford the registrant an opportunity to appeal his case to the Board of Appeal on a complete file. Section XXVII, paragraphs 373, 374, of the Selective Service Regulations. There appears to be no good reason why the Local Board should hold up a decision of plaintiff's case until the arrival of a birth certificate from Poland, because that may be delayed indefinitely. On the present record it seems to me that there is some basis for plaintiff's contention that he did not have a full hearing before the Local Board or an opportunity to appeal to the Board of Appeal on a proper record. He should have both. Angelus v. Sullivan, 2 Cir., 246 F. 54; Brown v. Spelman, supra.

Although I have concluded that this suit for a mandamus must be dismissed for lack of jurisdiction the plaintiff is not without a court remedy after he has exhausted his right of appeal under the Selective Training and Service Act. If he is inducted he can sue out a writ of habeas corpus and present the issue of his age, the jurisdiction of the Local Board over his case and the legality of their action, following the procedure suggested by Judge Hough in United States ex rel. Roman v. Rauch, D.C., 253 F. 814 and by Judge Galston in the recent case of In re Soberman D. C., 37 F.Supp. 522.

Plaintiff's motion is denied, the temporary stay vacated and the action is dismissed for lack of jurisdiction.

Submit order on one day's notice.