**MICHELI v. PAULLIN, Lieut. Col., et al.**

**No. 414a.**

District Court, D. New Jersey.
June 15, 1942.

Anthony A. Calandra, of Newark, N. J., for petitioner.

Charles M. Phillips, U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., and Nathan T. Elliff, Atty., Department of Justice, of Washington, D. C. (Major John T. Daly, JAGD, Post Judge Advocate, Fort Dix, N. J., and Captain F. Cleveland Hedrick, Jr., Selective Service System, of counsel), for respondents.

FORMAN, District Judge.

Micheli filed a petition in which he prayed, among other things, for the issuance of a writ of habeas corpus to inquire into his alleged unlawful detention in the United States Army. He charged in the petition that Local Board No. 6 of Union City, New Jersey, denied to him his lawful rights, by placing him in Class I–A under the Selective Training and Service Act of 1940,[1] thereby making him immediately eligible for service in the armed forces of the United States when he should have been classified in III–A under the said Act as a person having dependents, namely, his father and mother.

[1] 50 U.S.C.A.Appendix § 301 et seq.

The action of the local board had been affirmed by the appellate board and petitioner charged that he had exhausted his remedies under the Selective Training and Service Act.

An order was issued to the respondents directing them to show cause why the prayer of the petition should not be granted. They filed a demurrer and moved for dismissal of the petition because the petitioner's only claim was that he was entitled to an executive deferment on the ground of dependency and the local board having acted within its jurisdiction in denying the claim the petitioner was not entitled to the writ. The motion to dismiss was denied and the writ was allowed.

A return was filed by the respondents in which they produced the petitioner and the original file containing the record before the Selective Service Board. The petition was drafted in an artless manner but conveyed sufficient material allegations to make known the position of the petitioner and that he intended to charge that the draft board had acted capriciously and arbitrarily in its decision to refuse his claim for deferment.

The issues presented are as follows:

1. May the District Court issue a writ of habeas corpus where the petitioner alleges that his claim for exemption or deferment based upon dependency has been denied arbitrarily and capriciously by the agency set up by the Selective Training and Service Act, and he, pursuant thereto, has been inducted into the army?

2. If so, was this petitioner lawfully inducted?

The respondents argue that the petitioner had no standing to have the writ issued on the ground that the claim for dependency had been denied by the board arbitrarily and capriciously. They contended that the Selective Training and Service Act of 1940 provides for statutory exemptions and executive deferments. The statute provides exemptions for certain persons and officials, as for instance, judges, governors, etc. The respondents do not challenge the right of a court to inquire where a petitioner seeks a writ of habeas corpus on an allegation that the draft board has failed to recognize his status as a statutory exemption. Claims for deferment on the ground of dependents, say the respondents, fall into the class of executive deferment, into the granting of which courts may not inquire by way of

habeas corpus, because the decision of the executive machinery set up by the Act is final.

The respondents have reviewed the history of the present Selective Service legislation as compared with the Draft Acts of 1863 and 1917, 12 Stat. 731 and 50 U.S.C.A. Appendix, § 201 et seq., and they contend that an analysis of this history makes manifest the intent of Congress that the writ of habeas corpus should not be utilized to investigate the action of draft boards where a claim for deferment is denied. Respondents likewise claim that prior decisions of the courts based upon alleged denial of jurisdiction of boards under the 1917 act and decisions in cases involving alleged arbitrary denial of executive discretionary deferments under this Act do not justify the issuance of a writ of habeas corpus in this case. They also submit that the issuance of writs of habeas corpus in immigration cases forms no basis for the issuance of the writ in this case and that if, indeed, writs have been issued upon the basis of the so-called executive exemptions under any of the Selective Service Acts, including the 1940 Act, that such writs were issued because the distinctions and arguments made in this case have never been heretofore presented.

The respondents allege that the improvident issuance of writs in cases such as this results in unnecessary impairment of the war effort. It is necessary, they say, for the Army to disrupt its training plans and revise its unit and at times Selective Service Board members are required to leave their work and travel to distant districts to be present at hearings, if writs are issued by the courts. They argue that men who are within the group made liable for service by Congress are not deprived of any right or liberty when they are denied dependency deferments by local boards and agencies of appeal acting within their jurisdiction because dependency deferments are for the benefit of the government and are not a matter of right.

Excerpts of speeches in hearings and in Congress in connection with the passage of the 1917 and 1940 Acts are quoted by the respondents to show that Congress intended that there should be no inquiry into the decisions of Boards under the 1940 Act where deferments are denied on the grounds of alleged dependency, such as those set up in the petition in this case. I am not persuaded by them, for it is my belief that

if Congress had intended that the right to a writ of habeas corpus, which even the respondents admit to be "a precious safeguard of personal liberty", was to have been suspended in this connection, Congress would have said so in language that could not be misunderstood.

■■ The distinction drawn by the respondents between the right of a selectee to have a court inquire into the action of a draft board in refusing to classify him in a status in conformity with an alleged statutory exemption and the refusal of the draft board to act upon a claim for deferment upon the ground of dependency is, I believe, an artificial one. If one alleging a refusal upon the part of the draft board agencies to recognize his official status of "statutory" exemption is entitled to have a court inquire into its action by way of habeas corpus, one who alleges that he has not been given a fair hearing upon a claim for deferment based on the ground of dependency or that the decision upon his claim is the result of action that is arbitrary or capricious should be equally entitled to a writ enabling a court to inquire into his charges in the absence of express language indicating that Congress authorized the suspension of the writ in such circumstances. It is thoroughly understood that upon a writ of habeas corpus the court may not act as an appellate body to substitute its judgment for that of the executive agencies named in the Selective Training and Service Act. It remains for the court in such a proceeding but to determine whether a full and fair hearing had been accorded the subject of the writ and whether the decision, into which inquiry is directed, was arbitrary and capricious without basis to support it.

■ It does not follow, as contended by the respondents, at least in this district, that the unimpairment of the right of the court to issue writs of habeas corpus in cases like this will offend the nation's war effort and cause the disruption in training plans as envisioned by the respondents. After a year and nine months operation of the Selective Training and Service Act and six months of actual war, an examination

of the files of this court covering all such litigation in an area embracing many centers of concentration of scores of thousands of troops discloses that there have been but 13 writs of habeas corpus[2] allowed to persons alleging unlawful deprivation of their rights in their induction into the armed forces. And at least two of these cases concern themselves with the so-called statutory exemptions defined by the respondents, inquiry into which by the courts they do not challenge. This can hardly be called a disruption of the program of the Army, but does assure to aggrieved persons an opportunity for "their day in court". Incidentally, in only one of these cases was a writ allowed.

■ The respondents object that this type of litigation is the privilege of only those who "employ counsel and bring a court action" whereby they obtain an additional opportunity for review not enjoyed by every selectee. Thus, they say, the Selective Service is deprived of an essential element of fairness and equal treatment to all and that the only way to insure the democratic sharing of the obligation of service is to leave dependency deferments to boards and agencies of appeal under the Act. The objection is without force in the light of practical circumstances and could be levelled equally at all suits or applications made in the courts. It would be more logical to urge a greater accessibility to the courts for all prospective litigants than to curtail their jurisdiction on the theory propounded by the respondents.

On June 9, 1942, the Third Circuit Court of Appeals filed its decision in the following cases, which went up from this district: United States of America v. Edward John Grieme (United States of America v. Albert Sadlock), 128 F.2d 811. These were criminal cases under the Selective Training and Service Act, and it is true, of course, that the distinctions drawn between statutory exemptions and executive deferments, etc., in the argument before me in the instant case probably were not before the court in those cases. However, the following comment on the general availability of the writ of habeas corpus in cases

2 Application of Greenberg.......... 206a, 207a
Application of Scerbo............... 248a
Application of Filipowicz.......... 249a
Application of Lehti................ 252a
United States ex rel. Barstow v.
  Lt. Col. Paullin.................. 253a
Application of Bertocchi........... 295a
Application of Collucci............. 298a

Wilson v. Powell................... 300a
United States ex rel. Antonelli v.
  Paullin .......................... 302a
Application of Breitenbach ....... 303a
United States ex rel. De Bow v.
  Paullin .......................... 340a
Application of McCollam........... 395a
Micheli v. Paullin et al............ 414a

where inquiry is deemed appropriate is interesting. The court said:

"The courts have uniformly ruled that the findings whereon draft boards base their decisions are final and may not be disturbed by the courts unless it appears that the person affected thereby has not been afforded a full and fair hearing or unless the members of the local draft board acted contrary to law or abused the discretion reposed in them by the statute. United States ex rel. Pasciuto v. Baird, D.C. E.D.N.Y., 39 F.Supp. 411, 413; United States ex rel. Broker v. Baird, D.C.E.D. N.Y., 39 F.Supp. 392, 394; United States ex rel. Errichetti v. Baird, D.C.E.D.N.Y., 39 F.Supp. 388, 391, 392; United States ex rel. Filomio v. Powell, D.C.N.J., 38 F. Supp. 183, 189; Dick v. Tevlin, D.C.S.D. N.Y., 37 F.Supp. 836, 838. A similar rule had been evolved by court decision under the Selective Draft Act of 1917. * * * Arbitman v. Woodside, 4 Cir., 258 F. 441, 442; United States ex rel. Pascher v. Kinkead, 3 Cir., 250 F. 692, 694; Boitano v. District Board, D.C. N.D.Cal., 250 F. 812, 813. No jurisdiction is conferred upon the courts by the Selective Training and Service Act of 1940 * * * to review the findings of local draft boards. Shimola v. Local Board, D.C.N.D.Ohio, 40 F.Supp. 808, 810; Petition of Soberman, D.C.E.D.N.Y., 37 F.Supp. 522, 523. Here again the rule is similar to the construction placed upon the Selective Draft Act of 1917. See Ex parte Hutflis, D.C.W.D.N.Y., 245 F. 798, 799. Nor is the merit of the decision by a local draft board subject to court review upon writ of certiorari (Allison v. Local Board, D.C.N.D.Cal., 43 F.Supp. 896) or upon writ of habeas corpus. United States ex rel. Troiani v. Heyburn, D.C.E.D.Pa., 245 F. 360, 362. However, a registrant who has been inducted pursuant to the Selective Service Act may, by writ of habeas corpus, obtain a judicial determination as to whether the local draft board acted in an arbitrary and capricious manner or denied the registrant a full and fair hearing. See United States ex rel. Pasciuto v. Baird, supra; United States ex rel. Errichetti v. Baird, supra; Application of Greenberg, D.C.N.J., 39 F.Supp. 13, 16; United States ex rel. Filomio v. Powell, supra, 38 F.Supp. at page 186; Dick v. Tevlin, supra.

\* \* \* \* \*

"We think it is clear that, if a local draft board acts in an arbitrary and capricious manner or denies a registrant a full and fair hearing, the latter, although bound to comply with the board's order, may, by writ of habeas corpus, obtain a judicial determination as to the propriety of the board's conduct and the character of the hearing which it afforded."

██ I am constrained to hold that the writ of habeas corpus in this case was rightfully issued.

██ We are now faced with the second inquiry as to whether the action of the local board and the appellate agency in refusing to defer the petitioner by reason of his claim of dependency was the result of arbitrary and capricious action.

Petitioner was 24 years of age. In conformity with the law he registered and submitted his questionnaire in which he set forth information concerning himself and his request for deferment. He indicated that his father and mother were dependent upon him for their support. He wrote: "My father unable to continue in business due to permanent illness and my mother who has to be continuously attending him." He stated that he was conducting the business for his father who was permanently ill and would not be able to return to business. The business consisted of a manufactory of plastic window displays. He placed his earnings at $18 per week. An affidavit by his father informed that he was being treated for rheumatic heart disease and was incapable of work. He further stated that his son Julius, the petitioner, operated the business for him and that without the petitioner it would have to shut down. Four employees were concerned in the business but none of them was competent or qualified to conduct the business in the absence of the petitioner. The continuance of the business was vital to the maintenance of the affiant and his wife. Doctors filed affidavits corroborating the physical disability of petitioner's father. The petitioner further indicated that the value of the business was about $5,000 and that his father drew $50 a week from it. It was also indicated that the father and mother were owners of two properties; one, a dwelling valued at $5,000, and the other a bungalow valued at $1,500.

The reason for disallowing the claim of dependency by the board is not shown in the file, but its action was affirmed by the appellate agency under the Act. There is no question raised as to the fairness and

fullness of the hearing which was accorded to the petitioner. He was given full opportunity to present his position to the board. The board had ample evidence before it to support its decision that the parents of the petitioner could sustain themselves in some manner for the duration of the war and to alter that decision would be purely a substitution of the court's judgment for that of the executive agencies under the Act and would make the court instead of the executive agencies the deciding mechanism as to who should serve in the Army, a function reserved alone for the Selective Service agency.

It has been suggested on the record that since the institution of these proceedings the petitioner's father has succumbed to the illness from which he was suffering. This unhappy event in no way alters the court's decision and the writ of habeas corpus will be discharged.

This finding by the court would have disposed of the entire matter but the respondents insisted that the court take cognizance of their arguments for a decision upon their proposition that the issuance of the writ was improper rather than rest a ruling solely upon a finding that petitioner had failed to sustain his charges that the action of the Selective Service agencies was arbitrary and capricious.

The respondents should take an order discharging the writ of habeas corpus and remanding the petitioner to their custody.