## UNITED STATES ex rel. FARIA v. GEESEN et al.

### Civ. No. 5151.

District Court, N. D. California, N. D.

April 24, 1945.

N. Lindsay South, of Fresno, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., for respondent, Oscar Abbott, Brigadier General, U. S. Army.

WELSH, District Judge.

Frances Faria, mother of Joe Faria, filed a petition for his release from Camp Beale, a United States Army Camp located near Marysville, Yuba County, California. She claims that he is unlawfully detained because of his induction by Local Board No. 117 of Madera County, California, whereas he was regularly engaged in essential farm work and entitled to be classified in Class II-C.

The Commanding Officer at Camp Beale filed a return to an order to show cause annexed to which was the case record of said local draft board.

This Court reviewed the statutes and authorities in an opinion rendered March 27, 1945 in a quite similar case, United States ex rel. Alves v. Geesen, D.C., 59 F.Supp. 726.

Counsel for petitioner attempts to distinguish this case from that on the point that the United States Department of Agriculture War Board for Madera County recommended in favor of deferment herein, whereas it recommended against deferment therein. This necessitates an analysis of the relationship of War Boards to Local Selective Service Boards.

Form C-122 (revised 6/1/44) used by such boards in such cases is included in respondent's Exhibit "A" herein. It is directed "To: Local U. S. D. A. War Board from Local Board No. 117, Madera County, California." Some of the mimeographed portions thereof read: "Pursuant to provisions of Local Board Memorandum No. 164, this local board submits the following information * * * intended to assist you in making your investigation and recommendation of the case * * * 17. The War Board (does) (does not) recommend deferment of the registrant."

It will be noted that the words "recommendation" and "recommend" are used with reference to the function of the War Board. These words have been judicially defined.

Thus, where the word "recommendation" was used in an Idaho statute it was held that it did not mean that any person so recommended (that is favorably presented) by the State Horticultural Association must be appointed. Ingard v. Barker, 27 Idaho 124, 147 P. 293, 297.

Similarly, where a New York statute provided for the filing of a certificate by

the chairman of a county committee, it was held that the Mayor was not required to appoint as commissioner a person so recommended by the chairman. Kane v. Gaynor, 144 App.Div. 196, 129 N.Y.S. 280, 285.

Here in California when Section 1734b of the Political Code provided that on the recommendation of the County Superintendent of Schools and the Supervisor in whose supervisorial district the district to be annexed was located, no school district should be annexed without the recommendation of such Superintendent and such Supervisor, it was held that this did not place the power of annexation in the hands of officials having no legislative authority. The Court said with reference to the word "recommendation": "Its significance is a mere suggestion as to the desirability of a certain course of action to be pursued by the board." People v. San Bernardino High School District, 62 Cal.App. 67, 216 P. 959, 960.

The relationship of Local Boards to War Boards is further indicated by Local Board Memorandum No. 164, as amended April 5, 1944, which provides:

"1. Use of War Boards and Information in Their Possession.—Local Boards should utilize the services of the United States Department of Agriculture War Boards in securing necessary current information as to the agricultural activities of registrants who are in or are being considered for classification into Class II-C. Information in the files of the County War Boards also is available to Local Boards and should be used.

"2. War Boards may Request Deferments in Certain Cases.—The County War Board may file a request for deferment of a registrant whom the War Board considers necessary to and regularly engaged in an agricultural occupation or endeavor essential to the war effort. Such requests should be supported with full information concerning the registrant's activities.

"3. War Board may Appeal from Certain Local Board Decisions.—The County War Board may appeal from Local Board decisions denying registrants classification in Class II-C in cases in which the War Board has filed request for deferment."

The use of the words "should utilize the services" in the first paragraph above quoted shows that it is not mandatory upon local boards even to deal with the War Boards. If it had been intended that the use of such services be indispensable the word "must" instead of "should" would have been used.

The provision in the second paragraph for filing a request for deferment by the County War Board shows that such War Board may initiate proceedings for deferment. The fact that merely a request is provided for necessarily implies that a request may or may not be granted. This, too, emphasizes that the function of the County War Board is not plenary.

Paragraph 3 stating that the County War Board may appeal from Local Board decisions, also shows that the Local Board is not bound to grant requests of the County Board. If Local Boards were obligated to grant such requests, there would be no occasion for an appeal.

Therefore, while there is the distinction between the present case and that of Alves v. Geesen, supra, that the War Board recommended in favor of deferment in the instant case and against it in the earlier one, still the petitioner herein is not entitled to be discharged from the Army. The recommendation of the War Board is purely advisory, and not binding, on the Local Selective Service Board.

Responsibility for decisions is vested in the first instance in the Local Board, and thereafter in the Appeal Board. Inasmuch as both of the administrative bodies decided that the registrant was not entitled to deferment, the authorities cited in Alves v. Geesen, supra, are determinative.

Besides the decisions cited therein, we refer to the following: "The discretion to determine whether certain classes of registrants should be exempted or deferred is reposed by the Act in the President and the boards or agencies which he is further authorized to create for the purpose of administering the Act." United States v. Grieme, 3 Cir., 128 F.2d 811, 815. The County War Board is not such a board or agency.

It is permissible for a Local Board to obtain an independent report and investigation from a local welfare agency. United States v. Kowal, D.C., 45 F.Supp. 301, 302. A recommendation of a USDA County War Board is in the nature of such a report.

"The determinations of the local boards are final unless the selectee's rights were invaded. It is not the province of this court to review the evidence before the local board but only to review the case rec-

ord to determine whether or not there was sufficient evidence before the board to substantiate its findings." United States ex rel. Errichetti v. Baird, D.C., 39 F.Supp. 388, 391. This Court finds that the findings of the local board of Madera County were substantiated.

"Upon a writ of habeas corpus the court may not act as an appellate body to substitute its judgment for that of the executive agencies named in the Selective Training and Service Act [50 U.S.C.A. Appendix, § 301 et seq.] It remains for the court in such a proceeding but to determine whether a full and fair hearing had been accorded the subject of the writ and whether the decision, into which inquiry is directed, was arbitrary and capricious without basis to support it." Micheli v. Paullin, D.C., 45 F.Supp. 687, 689. It is determined that a full and fair hearing was accorded the registrant herein, and that the decisions of the Local Board and the Appeal Board were not arbitrary and capricious, or without basis to support them.

It is therefore ordered that the petition for writ of habeas corpus be, and the same is hereby denied; and it is hereby further ordered that the restraining order heretofore issued herein restraining the Commanding Officer of the United States Army, or whoever might have the custody of the body of said Joe Faria from moving said Joe Faria out of the jurisdiction of the above-entitled Court pending the hearing and determination of said petition be, and the same is hereby dissolved and rendered of no further force or effect.