**SULLIVAN, Commanding Officer, Fort Lewis, Wash., et al., v. SWATZKA.**

No. 10878.

Circuit Court of Appeals, Ninth Circuit.

May 1, 1945.

As Amended on Denial of Rehearing June 12, 1945.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., Guy A. B. Dovell, Asst. U. S. Atty., of Tacoma, Wash., Lieutenant-Colonel Donald L. Gaines, Judge Advocate's Office, and Frederick V. Betts, Judge Advocate's Office, both of Fort Lewis, Wash., for appellants.

Allan A. Bynon and Gerald J. Meindl, both of Portland, Ore., for appellee.

Before HEALY and BONE, Circuit Judges, and McCOLLOCH, District Judge.

McCOLLOCH, District Judge.

This is an appeal by the Commanding Officer, and the Commanding Officer, Reception Center, Fort Lewis, Washington, from an order in a habeas corpus proceeding discharging John Gale Swatzka from the army. The proceeding was brought by registrant's father on the ground that registrant's draft board in Linn County, Oregon, had arbitrarily and capriciously denied registrant's claim for agricultural deferment under the Miller-Tydings Amendment to the Selective Training and Service Act of 1940.[1]

---

[1] "Every registrant found by a selective service local board, subject to appeal in accordance with section 10(a) (2), to be necessary to and regularly engaged in an agricultural occupation or endeavor essential to the war effort, shall be deferred from training and service in the land and naval forces so

After a hearing, in which he considered registrant's draft file and heard testimony, Judge Leavy rendered a careful opinion covering many points. The Judge sustained the contentions made in registrant's behalf and remanded registrant to the draft board for further classification.

Counsel were in agreement at the oral argument that the sole question for our decision is whether registrant was denied due process by the draft boards. That we consider to be the issue.

Registrant filed the usual general and occupational questionnaires and a special questionnaire for farm workers. After a hearing in which registrant and his father participated, the local draft board requested the opinion of the U. S. Department of Agriculture War Board.[2] The War Board recommended against deferment and thereupon registrant was classified 1–A, from which he appealed. The classification was affirmed on appeal. The War Board gave weight, as did the local draft board, to the fact that registrant had left his parents' farm to attend summer school at the University of Oregon. While the appeal was pending, registrant tendered a number of affidavits which the local board considered, as did the appeal board.

We do not see that there was any irregularity in the proceeding before either of the draft boards which calls for judicial intervention. Petitioner's position appears to be that claim for agricultural deferment must be granted unless the local board is presented with evidence contradictory to that offered by the registrant. But the boards have no facilities for assembling evidence. The board members are nonpaid citizens of the community, and one claiming deferment must establish to the satisfaction of his board that he is entitled to it. The appeal boards are granted broad general powers by the regulations.[3]

We are unable to take the view, to which the able and experienced trial judge was persuaded, that the action of the boards was arbitrary to the extent of denying due process. The judge's opinion indicates that he strongly disagreed with the conclusion of the draft boards, but it was not for him nor is it for us to try the factual issues (1) whether the registrant's services were necessary on his parents' farm, (2) whether registrant was replaceable. The evidence was conflicting and there is no indication that the boards acted other than judicially. That is all they were required to do.

The order discharging the registrant is reversed.

long as he remains so engaged and until such time as a satisfactory replacement can be obtained: Provided, That should any such person leave such occupation or endeavor, except for induction into the land or naval forces under this Act, his selective service local board, subject to appeal in accordance with section 10(a) (2), shall reclassify such registrant in a class immediately available for military service, unless prior to leaving such occupation or endeavor he requests such local board to determine, and such local board, subject to appeal in accordance with section 10(a) (2), determines, that it is in the best interest of the war effort for him to leave such occupation or endeavor for other work." 50 U.S.C.A. Appendix § 305(k).

2 "Local Board Memorandum No. 164
Issued: 11/17/42
As Amended: 4/5/44
Subject: Classification Of Registrants In Agriculture
III—War Boards
1. Use of War Boards and information in their possession.—Local boards should utilize the services of the United States Department of Agriculture County War Boards in securing necessary current information as to the agricultural activities of registrants who are in or are being considered for classification into Class II-C. Information in the files of the County War Boards also is available to the local boards and should be used."

3 Selective Service Regulations:
627.24 Review by board of appeal.
(a) * * *
(b) In reviewing the appeal, the appeal board shall not receive or consider any information which is not contained in the record received from the local board except (1) the advisory recommendation from the Department of Justice under section 627.25 and (2) general information concerning economic, industrial, and social conditions.