**UNITED STATES ex rel. BOPP v. ABBOTT, Commanding Officer, et al.**

**Civ. 5162.**

District Court, N. D. California, N. D.

May 28, 1945.

N. Lindsay South, of Fresno, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., for respondent Brigadier General Oscar B. Abbott.

WELSH, District Judge.

Mary Bopp filed herein a petition for writ of habeas corpus to release her son Albert Bopp from the United States Army. Said petition is based mainly on the claim that he is necessary to and regularly engaged in an agricultural occupation such as to entitle him to deferment under the Tydings' Amendment to the Selective Training and Service Act, 50 U.S.C.A.Appendix § 305, subd. (k).

The Commanding General at Camp Beale, California, has filed a return to an order to show cause, which summarizes the steps taken by the Local Selective Service Board. Said return shows that the steps and actions taken were regular and in no sense arbitrary or capricious.

This court has had occasion to pass on two quite similar applications in United States ex rel. Alves v. Geesen, 59 F.Supp. 726, and United States ex rel. Faria v. Geesen, 60 F.Supp. 1. Opinions in both of those cases reviewed authorities which are applicable here. In addition thereto we now refer to the opinion in Sullivan v. Swatzka, 9 Cir., 148 F.2d 965, 966, wherein the Circuit Court of Appeals held that it was not for the District Judge "to try the factual issues (1) whether the registrant's services were necessary on his parents' farm, (2) whether registrant was replaceable. The evidence was conflicting and there is no indication that the boards acted other than judicially. That is all they were required to do."

President Harry S. Truman, in returning without approval the Joint Resolution to amend Section 5(k) of the Selective Training and Service Act of 1940, expressed views in conformity with those of our late farsighted President Franklin Delano Roosevelt. His message contains these significant sentences: "I do not believe that it was the real intent of Congress that agricultural workers should be given blanket deferment as a group, or that Congress intended to enact legislation formulating the national policy that agricultural employment was more essential than any other type of employment, including service in the armed forces of the United States in the protection of our country. * * *

Enactment of such a law would not only be an injustice to the millions already inducted into our armed forces and those yet to be inducted. It would do violence to the basic principle embodied in section 5(e) (1) of the Selective Training and Service Act, which prohibits deferment by occupational groups or groups of individuals." H. R. Document No. 166, 79th Congress, 1st Session, May 3, 1945.

The fact that the Congress did not pass, over the President's veto, the proposed amendment to make agricultural deferment practically obligatory upon local Selective Service boards shows that it recognized the wisdom of these views. This Court agrees with them, and feels bound to conform to the legislative policy so reflected.

It is therefore ordered that the petition for writ of habeas corpus be, and the same is hereby, denied; and

It is hereby further ordered that the restraining order heretofore issued herein restraining the Commanding Officer of the United States Army, or whoever might have the custody of the body of said Albert Bopp, from moving said Albert Bopp out of the jurisdiction of the above-entitled court pending the hearing and determination of said petition be, and the same is hereby, dissolved and rendered of no further force or effect.

MARTIN I. WELSH, United States District Judge.